1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS A. SANCHEZ, | ) | 1:11-cv-00607 GSA |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN FORMA |
| | ) | PAUPERIS APPLICATION |
| v. | ) | |
| | ) | (Document 1) |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| Defendant. | ) | |
| _____ | ) | (Document 3) |

## INTRODUCTION

   Plaintiff Dennis A. Sanchez ("Plaintiff") filed the instant action on April 15, 2011. Plaintiff also filed an application to proceed in forma pauperis on that same date. Having reviewed the request to proceed without prepayment of the filing fee, this Court GRANTS Plaintiff's in forma pauperis application.

   Plaintiff appears to be challenging a denial of his application for disability benefits under Titles II and/or XVI of the Social Security Act. As discussed below, Plaintiff's Complaint will be dismissed because it fails to state a claim. However, Plaintiff will be granted leave to file an amended complaint.

1

**DISCUSSION**

**A.**     *Screening Standard*

Pursuant to Title 28 of the United States Code section 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d

443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

### B.   *Plaintiff's Allegations*

Plaintiff's Complaint indicates he suffered a shoulder injury and has undergone two surgeries as a result.  Plaintiff does not indicate any dates or relevant time periods regarding the injury.  He does state that he believes the administrative law judge ("ALJ") "should [have] reviewed [his] medical records better."  (Doc. 3 at 1.)  Further, Plaintiff indicates that despite the ALJ's finding that he "could work flipping burgers," the ALJ failed to consider the fact that Plaintiff must take pain medication and that "no employer [would] hire" him as a result.  (Doc. 3 at 1.)  Plaintiff concludes by asking for "court review" because he believes "there isn't anyway [he] could or would be able to work" due to "pain medication and depression . . .."  (Doc. 3 at 1-2.)

### C.   *Analysis of Plaintiff's Claims*

#### 1.   Claim Interpretation

This Court interprets Plaintiff's complaint to assert the following arguments: (1) that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence; and (2) the ALJ's residual functional capacity finding is erroneous and is not supported by substantial evidence because the ALJ failed to consider Plaintiff's pain medication and depression.  To the degree Plaintiff intended to challenge the denial of benefits on any other basis, he will be given a final opportunity to do so by way of an amended complaint.

#### 2.   Timeliness of the Appeal

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545,

109 S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.  Lack of subject matter jurisdiction is never waived and may be raised by the court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996).  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Judicial review of the Commissioner's administrative decisions is governed by section 405, subdivisions (g) and (h), of the Social Security Act, which provides in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.   No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).  The aforementioned section operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).  Because the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen v. City of New York*, 476 U.S. at 479; *see also Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day).  "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or

1    belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D.

2    Cal. Oct. 7, 2008) (Snyder, J.).

3         Here, Plaintiff has not provided any dates related to his application or applications for

4    disability benefits and the denials related thereto.  Therefore, it is impossible for this Court to

5    determine whether Plaintiff's filing is timely.  Plaintiff merely references receiving a "Notice of

6    Appeals Council action that [his] request for a review was denied."  (Doc. 3 at 1.)

7         Upon receiving a denial of benefits, a plaintiff has sixty days to file an appeal with the

8    Appeals Council.  20 C.F.R. §§ 404.967, 404.968.  When the Appeals Council reviews the case,

9    it will either affirm, modify, or reject the ALJ's recommendation.  20 C.F.R. § 404.979.  It may

10   also remand the case.  20 C.F.R. § 404.977.  The Appeals Council's decision is binding unless a

11   party files an action in federal district court within sixty days of the Appeals Council's decision.

12   20 C.F.R. §§ 422.210, 404.981.  Therefore, Plaintiff must establish that the instant appeal is

13   timely by providing the date of the decision by the Appeals Council.  Any amended complaint

14   must establish that the case is properly before this Court and that it is timely.

15        **D.    *Leave to Amend the Complaint***

16        Although Plaintiff's Complaint contains deficiencies as outlined above, this Court will

17   allow Plaintiff an opportunity to amend the Complaint.  If Plaintiff decides to file an amended

18   complaint, he is advised that an amended complaint supercedes the original complaint.  *Forsyth*

19   *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th

20   Cir. 1987).  Any amended complaint must be "complete in itself without reference to the prior or

21   superceded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in

22   an original complaint which are not alleged in an amended complaint are waived."  *King*, 814

23   F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord

24   *Forsyth*, 114 F.3d at 1474.

25

26

27

28                                               5

**CONCLUSION**

For the above reasons, the Complaint filed April 15, 2011, is DISMISSED WITH LEAVE TO AMEND.  Plaintiff's amended complaint is due within thirty (30) days of the date of this order.  If Plaintiff fails to file an amended complaint, the action will be dismissed for failure to follow a court order.


IT IS SO ORDERED.

**Dated:**    **April 21, 2011**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE